# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ERIKA B. HOUSLEY | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-98 |
| | § | Judge Mazzant |
| PNC MORTGAGE, A DIVISION OF | § | |
| PNC BANK, N.A., SUCCESSOR BY | § | |
| MERGER TO NATIONAL CITY BANK | § | |

## MEMORANDUM OPINION AND ORDER[1]

Pending before the Court is Defendant's Motion for Summary Judgment (Dkt. #14). Having considered the motion, and the lack of response thereto, the Court finds that the motion should be granted.

## BACKGROUND

On or about January 26, 2004, Plaintiff and her former husband, David M. Wadley ("Wadley"), executed a promissory note (the "Note") in the amount of $166,967 payable to National City Mortgage Company ("National City") to acquire property located at 5912 Pine Meadow Lane, McKinney, Texas 75070 (the "Property"). In securing the obligations under the Note, Plaintiff and Wadley signed a Deed of Trust pledging the Property as collateral.

On or about June 27, 2008, Plaintiff and Wadley obtained a final decree of divorce (the "Divorce Decree") in the 380th Judicial District Court of Collin County, Texas. Pursuant to the Divorce Decree, Plaintiff and Wadley were required to list the Property for sale no later June 10, 2008. The Divorce Decree also provided that Plaintiff was responsible for continuing the monthly mortgage payments to National City, and Plaintiff acknowledged that any sale of the Property would

---

[1] On October 31, 2014, the undersigned entered a report and recommendation in this case as the United States Magistrate Judge to whom this case was referred. This case is now assigned to the undersigned as the United States District Judge, and this memorandum opinion and order is issued accordingly.

result in no distributable proceeds to her because of the "[m]ortgage with National City Mortgage and an IRS tax lien."

Defendant PNC Mortgage, a division of PNC Bank, N.A. ("PNC") is the successor by merger to National City. PNC, or one of its predecessor entities, has acted as the mortgage servicer of Plaintiff's account since the origination of Plaintiff's loan. Plaintiff's Note is specially endorsed to PNC Bank, N.A., and PNC is in possession of the original Note with its endorsement. Plaintiff's loan was not placed into a mortgage-backed security, and PNC owns Plaintiff's loan.

Plaintiff defaulted on her obligation to make monthly payments under the Note to PNC. On or about November 2, 2012, PNC notified (the "Default Notice") Plaintiff that she was in default of her repayment obligations since August 1, 2012, that the total amount needed to bring her account with PNC current was $8,448.03, and that should she fail to tender that amount to PNC on or before December 1, 2012, PNC would accelerate the total amount due and owing under the Note, and place the Property for foreclosure.

Plaintiff failed to cure her default and on or about April 23, 2013, Plaintiff sought a loan modification from PNC. Plaintiff acknowledged in an April 23, 2013 hardship affidavit that she obtained a divorce from Wadley in 2008, and that she was in default on her payment obligations to PNC. Plaintiff also stated that she had remarried, and her current husband, Steven F. Housely, had been contributing to the monthly mortgage payments, but due to his loss of employment, as well as Plaintiff's, she became "behind" on her monthly payments. Plaintiff asked PNC to "[a]llow [her] to keep [her] home and possibly put the missed payments at the end of the loan."

On or about May 21, 2013, PNC notified Plaintiff she had been approved for a trial payment plan (the "Trial Modification Notice") and that the total amount needed to bring her account current

was $15,457.42. The Trial Modification Notice also stated that Plaintiff was required to make three consecutive monthly payments on the first of each month beginning on July 1, 2013, and ending on September 1, 2013. On or about June 5, 2013, Plaintiff acknowledged the terms of the Trial Modification Notice as evidenced by her signature as well as her former husband's.

Plaintiff did not make her July 1, 2013, August 1, 2013, or September 1, 2013 payments as required by the Trial Modification Notice. PNC then retained the law firm of Barrett Daffin Frappier Turner & Engel, LLP ("Barrett Daffin") to proceed with the non-judicial foreclosure of the Property.

On November 22, 2013, Barrett Daffin sent to Plaintiff via U.S. Certified Mail return receipt requested a notice (the "Sale Notice") that the Property was scheduled for a non-judicial foreclosure sale to occur on January 7, 2014. Barrett Daffin filed a copy of the Sale Notice with the Collin County Clerk on November 25, 2013, and posted the same in the area designated by the Collin County commissioners on the same date. Plaintiff's suit followed in turn and the Property was not foreclosed upon at the scheduled January 7, 2014 foreclosure sale.

On September 25, 2014, Defendant filed a motion for summary judgment (Dkt. #14). No response was filed.

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News*, *Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257.

## DISCUSSION AND ANALYSIS

Plaintiff's claims are based upon the legal theories that: PNC must show its owner or holder status of the Note in order to foreclose under the Deed of Trust, that the securitization of her loan with PNC extinguished her duty to timely repay the Note.

Defendant asserts that the summary judgment evidence establishes the Note was specially endorsed to PNC and PNC is in possession of the original Note with that endorsement. Defendant further asserts that Plaintiff's loan was not "securitized" and, in any event, Plaintiff lacks standing

4

to challenge the securitization of her loan. Finally, PNC asserts that even if standing existed, Plaintiff's claims are barred by the statute of limitations. The Court agrees with Defendant. There are no fact issues, and Plaintiff has no possible claims based upon the undisputed facts.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment (Dkt. #14) is hereby **GRANTED** and that Plaintiff take nothing as a result of her claims against Defendant and the case be **DISMISSED** with prejudice.

**SIGNED this 7th day of January, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE